United States District Court
Southern District of Texas
**ENTERED**
August 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FRANCIS SILVA,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | **CIVIL ACTION NO. 4:23-CV-3059** |
| | § | |
| **FIESTA MART, LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

This case arises from an incident in a Fiesta Mart store, in which Plaintiff Francis Silva allegedly slipped on a grape and suffered significant injuries from her fall. Before the Court is Defendant Fiesta Mart, LLC's Motion for Summary Judgment, ECF No. 13, and Plaintiff's Request for Continuance, ECF No. 14. For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's request.

### I.     BACKGROUND

On April 21, 2022, Plaintiff went shopping in a Fiesta Mart store. ECF No. 1-2 at ¶ 5.1. While walking through an aisle, she slipped on an "unmarked grape," fell to the floor, and allegedly suffered serious bodily injuries. *Id.*; *see also* ECF No. 13-1, 27:19–25. She filed suit against Defendant Fiesta Mart, LLC in state court asserting claims for premises liability and negligence and seeking between $250,000 and $1,000,000 in damages. ECF No. 1-2 at ¶ 5.2. Defendant removed the case to this Court on August 18, 2023. ECF No. 1. Discovery closed on June 21, 2024. ECF No. 8. Defendant filed a Motion for Summary Judgment on June 24, 2024.

1

ECF No. 13. Then, on July 15, 2024, Plaintiff filed her response and Rule 56(d) request to continue the discovery deadline. ECF No. 14.

## II. LEGAL STANDARD

### A. Rule 56(d) continuance

Under Rule 56(d), after discovery has closed and a motion for summary judgment has been filed, the Court may allow the nonmovant "time to obtain affidavits or declarations or to take discovery" so long as the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). Rule 56(d) motions for additional discovery are "broadly favored and should be liberally granted." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422 (5th Cir. 2016) (quoting *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)). That said, to obtain a Rule 56(d) continuance, the nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts," *id.*, rather, they "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Jan. v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Additional discovery to aid in the opposition of a motion for summary judgment is only appropriate if the party seeking discovery has "diligently pursued discovery." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).

### B. Summary Judgment

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

"[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). "For any matter on which the non-movant would bear the burden of proof at trial, however, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* at 718–19.

### III.  ANALYSIS

### A. Plaintiff's Request for Continuance

Plaintiff requests additional time to depose Defendant's corporate representative and

possibly additional witnesses in order to determine what Defendant's floor maintenance and inspection policies are, as well as how they were carried out on the date of the incident. She also wishes to determine if there is video footage of the area where the incident took place. She contends that such evidence can negate Defendant's assertion that its employees had no actual or constructive knowledge of the fact that a grape was on the floor. As discussed in more detail below, knowledge is a necessary element of Plaintiff's premises liability claim, and so the evidence Plaintiff seeks—if it exists—would be key to opposing Defendant's Motion.

However, Plaintiff makes no effort to establish that she has diligently pursued discovery. She filed this suit in August 2023. ECF No. 1. Discovery closed on June 21, 2024. ECF No. 8. Plaintiff had several months to depose Defendant's corporate representative, and to seek out video footage or other relevant evidence. Defendant's Motion did not reveal a previously unknown need for this evidence—it is clear from Plaintiff's complaint that such evidence, if it exists, would be crucial to proving her claims. *Cf. Beattie*, 254 F.3d at 606 (finding that plaintiff was not diligent where she had "several months" to depose key witnesses but failed to do so); *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994) (finding that plaintiffs were not diligent where they conducted very little discovery for one year prior to continuance request); *Mitchell v. Sikorsky Aircraft*, 533 F. App'x 354, 358 (5th Cir. 2013) (per curiam) (holding that the plaintiff was not diligent where she waited until "three weeks before motions for summary judgment were due" to coordinate depositions, despite having more than seven months to seek discovery). Thus, the Court finds that Plaintiff is not entitled to a Rule 56(d) continuance.

### B. Defendant's Motion for Summary Judgment

Plaintiff's Complaint asserts that Defendant is liable "under the theory of premises liability

and negligence." ECF No. 1-2. As an initial matter, the Court holds that Plaintiff may only pursue a premises liability claim. In Texas, a plaintiff injured by a condition on defendant's premises—rather than a contemporaneous activity—cannot bring claims for negligence *and* premises liability. *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 197 (5th Cir. 2014) (concluding that in slip-and-fall case governed by Texas law, plaintiff "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury"). Instead, their only redress is a claim for premises liability. *Id.*; *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (plaintiff in slip-and-fall case could only recover under premises liability theory, not negligence theory, because "[r]ecovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity").

The line between claims properly asserted as negligent activity versus premises liability is "sometimes unclear, since almost every artificial condition can be said to have been created by an activity." *Austin*, 746 F.3d at 196 (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). But it is well-established that a claim arising from slipping on a substance or object left on the floor is properly pled as premises liability claims. *Id.* at 196–97 (slipping on oily substance on the floor gave rise to premises liability claim, not negligence claim); *Keetch*, 845 S.W.2d. at 264 (finding that slipping on waxy substance on the floor was premises condition, explaining that plaintiff "may have been injured by a condition created by the spraying [on the floor] but she was not injured by the activity of spraying"); *Starks v. Marcano*, No. CV H-20-3642, 2020 WL 12573287, at *3 (S.D. Tex. Dec. 21, 2020) (plaintiff who allegedly slipped on crayon on the floor failed to state a claim for negligent activity under Texas law). Here, Plaintiff alleged in her complaint and testified in her deposition that she slipped on a

5

grape that was left on the floor. ECF No. 1-2 at ¶ 5.1; ECF No. 13-1, 27:19–25. She has not alleged that she was injured by any contemporaneous activity. Accordingly, to the extent that she brings a separate negligence claim, that claim fails as a matter of law.

To prevail upon her premises liability claim, Plaintiff must show: (1) the defendant had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the defendant failed to exercise reasonable care to reduce or eliminate the risk, or to warn the plaintiff about the condition; and (4) defendant's failure proximately caused plaintiff's injuries. *See Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014).

To establish actual or constructive knowledge, a plaintiff must show that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Keetch*, 845 S.W.2d at 264. Here, there is no evidence that Defendant placed the grape on the floor or knew that the grape was on the floor. Indeed, Silva testified that she did not know whether Fiesta Mart employees knew that the grape was on the floor. ECF No. 13-1, 33:14–16. Accordingly, Plaintiff has not shown that Defendant had actual knowledge.

Further, Plaintiff has not shown that Defendant had constructive knowledge that that grape was on the floor. To establish constructive knowledge, Texas courts have required plaintiffs to put forth evidence of the length of time the substance or object was on the floor prior to the slip-and-fall incident. *Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 166 (Tex. App. 1998) ("Absent evidence of the length of time that the substance had been on the floor,

6

there can be no inference that any increased level of inspecting or cleaning by [defendant] would have discovered and remedied the condition."); *Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 901 (Tex.App.—Texarkana 2002, no pet.) (no constructive knowledge where employee walked through area approximately fifteen minutes before fall and did not notice grapes on floor and plaintiff presented no evidence that others saw grapes before her fall); This well-established rule stems from Texas courts' "reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for 'the fortuitous act of a single customer' that could instantly create a dangerous condition." *Reece*, 81 S.W.3d at 816 (quoting *Coffee v. F. W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976)).

      Here, Silva testified that she did not know where the grape came from or how long it had been on the ground. *Id.* at 33:8–13. She has put forth no evidence of how long the grape was on the floor prior to her fall. Without this evidence, she cannot establish constructive notice. *See Coburn v. Toys R Us-Delaware, Inc.*, No. 01-09-00871-CV, 2011 WL 345936, at *5 (Tex. App. Feb. 3, 2011) ("Because [plaintiff] presented no evidence regarding how long the substance had been on the floor before her fall we conclude that she failed to raise a fact issue regarding whether [defendant] had constructive notice of the allegedly dangerous condition."); *Cooper v. Brookshire Grocery Co.*, 551 S.W.2d 175, 175–76 (Tex. Civ. App.—Texarkana 1977, no writ) (no constructive notice where plaintiff did not put forth evidence that the strawberries she slipped on had been on floor long enough to be discovered had the defendant exercised ordinary care). Without any facts in the record indicating that Defendant had actual or constructive notice of the condition, Plaintiff cannot satisfy the first element of her premises liability claim. Her claim therefore fails as a matter of law.

### IV.     CONCLUSION

Ultimately, the Court finds that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's request. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 3rd day of August, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE